# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Molly Martin, *et al.*,

          Plaintiffs,                    Civ. No. 13-2563 (RHK/JJG)
                                                      **ORDER**

v.

Cargill, Incorporated,

          Defendant.

This matter is before the Court *sua sponte*.

On October 29, 2013 (Doc. No. 56), the Court denied preliminary approval of the parties' proposed settlement in this putative class action and ordered them to show cause why this case should not be dismissed or transferred to the District of Hawaii, where another action raising the same issues (Howerton) was first filed. The parties timely responded to that Order, asking the Court to retain jurisdiction, and Howerton also filed a response, urging the Court to dismiss this case or transfer it to Hawaii under the "first-filed rule." Before the Court could address these contentions, Defendant asked the Judicial Panel on Multidistrict Litigation (JPML) to consolidate in this Court four cases raising similar legal and factual issues, including both this action and Howerton. In addition, Defendant moved the Hawaii court to transfer Howerton to this District under 28 U.S.C. § 1404(a). Accordingly, the Court deferred resolving the applicability of the first-filed rule, in deference to the JPML and to avoid "entangl[ing] itself with" Howerton. (Doc. No. 64 at 2.) This case has languished in suspended animation since.

In February, however, the JPML denied Defendant's motion for consolidation. <u>In re Truvia Natural Sweetener Mktg. & Sales Practices Litig.</u>, MDL No. 2512, 2014 WL 585552 (JPML Feb. 12, 2014). Further, while the Court intended to delay addressing the issue to avoid influencing <u>Howerton</u>, it did so on the understanding that the motion to transfer that case would be heard in February. But that motion has now been continued to *July*, and thus the Court does not believe it should wait any longer; indeed, it has already been six months since it raised the first-filed rule, and awaiting <u>Howerton</u>'s decision likely will result in at least another three months elapsing, if not more. Hence, the Court believes the time has come to address the rule's applicability.

Under the first-filed rule, the court "initially seized of a controversy" generally "should be the one to decide the case." <u>Orthmann v. Apple River Campground, Inc.</u>, 765 F.2d 119, 121 (8th Cir. 1985) (citation omitted). The rule recognizes the comity between coequal federal courts and promotes the efficient use of judicial resources by authorizing a later-filed, substantially similar action's stay or dismissal in deference to an earlier case. <u>Orthmann</u>, 765 F.2d at 121. The Court enjoys ample discretion in determining whether to apply the rule; it "is not intended to be rigid, mechanical, or inflexible, but . . . to be applied in a manner best serving the interests of justice." <u>Nw. Airlines, Inc. v. Am. Airlines, Inc.</u>, 989 F.2d 1002, 1005 (8th Cir. 1993). Nevertheless, "[t]he prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." <u>Id.</u>

As the Court has already noted (<u>see</u> Doc. No. 56 at 17), no "compelling circumstances" undermine application of the first-filed rule here. This case and

Howerton are "substantially duplicative."  Ritchie Capital Mgmt., L.L.C. v. Jeffries, 653

F.3d 755, 763 n.3 (8th Cir. 2011).  True, the named plaintiffs in Howerton differ from the

named Plaintiffs here, but each purport to act on behalf of overlapping, nationwide

classes, and "*the class members* are the proper focus of th[e] inquiry."  Askin v. Quaker

Oats Co., No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) (emphasis

added) (collecting cases); accord, e.g., Catanese v. Unilever, 774 F. Supp. 2d 684, 688

(D.N.J. 2011) ("the classes, and not the class representatives, are compared" when

deciding whether to apply the first-filed rule) (citation omitted).  The commonality of the

classes strongly militates in favor of applying the first-filed rule.  See 7B Wright &

Miller, Federal Practice & Procedure § 1798.1 (3d ed. 2005).  Indeed, another putative

class action raising the same issues as this case was transferred from the Central District

of California to the District of Hawaii for this very reason.  See Calderon v. Cargill, Inc.,

Civ. No. 13-17046-GHK, slip op. at 2 (C.D. Cal. Dec. 10, 2013) (applying the first-filed

rule because "Cargill is the sole defendant in both Howerton and this action [and] both

the Howerton action and this action seek to represent a nationwide class of consumers

who purchased Truvia since its introduction in 2008").[1]

Furthermore, the Court disagrees with the parties that this case is "the most

developed" of the competing actions.  (Cargill Mem. at 17; accord Pl. Mem. at 10-12.)

---

[1] Plaintiffs argue that transferring this action to Hawaii would violate their Fourteenth
Amendment due-process rights because they have no connection to Hawaii (Pl. Mem. at 9), but
that argument falters in the class-action context.  See Philips Petroleum Co. v. Shutts, 472 U.S.
797, 811 (1985) (foreign forum "may exercise jurisdiction over the claim of an absent class-
action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum
which would support personal jurisdiction over a defendant").

That argument was largely predicated on the proposed settlement, which the Court rejected in October 2013.  This case has lived in stasis since that time – no discovery appears to have taken place, the parties have not yet had a Rule 16 conference before the Magistrate Judge, and in fact Defendant *has not even answered the Complaint*.  Nor have the parties attempted to rectify the problems with the proposed settlement previously identified by the Court, and no further request for preliminary approval has been filed. Meanwhile, <u>Howerton</u> *denied* a stay of discovery based on the existence of this action, and that court has held a Rule 16 conference.  As <u>Howerton</u> is proceeding while this case is not, transfer to Hawaii makes eminent sense.

Defendant points out that its witnesses and documents are located here and that litigating in Hawaii will be expensive, which may or may not be relevant considerations.[2] (Cargill Mem. at 19-22.)  Yet, discovery in this case is likely to be in electronic form, lessening the importance of the documents' location, and a large multinational corporation like Defendant should have no trouble bearing the cost of litigating in Hawaii – a forum in which it is *already* litigating <u>Howerton</u> and engaging in discovery.

Finally, the Court previously noted its concerns with the manner in which this action has been litigated, in particular the seemingly clandestine attempt to undercut

---

[2] Witness convenience and access to evidence are factors courts consider when deciding whether to transfer an action *under 28 U.S.C. § 1404(a)*.  <u>In re Apple, Inc.</u>, 602 F.3d 909, 913-14 (8th Cir. 2010) (*per curiam*).  But it does not appear the first-filed rule implicates this statute.  <u>See</u> <u>Johnson Bros. Liquor Co. v. Bacardi U.S.A., Inc.</u>, 830 F. Supp. 2d 697, 711 (D. Minn. 2011) (Montgomery, J.) (analysis under § 1404 is "distinct" from analysis "for effectuating a transfer . . . under the first-filed doctrine"); <u>Zimmer Enters., Inc. v. Atlandia Imports</u>, 478 F. Supp. 2d 983, 989 (S.D. Ohio 2007) (first-filed rule and transfer under § 1404 are "separate questions, the analysis of which are conducted separately"); <u>but see</u> <u>Terra Int'l, Inc. v. Miss. Chem. Corp.</u>, 922 F. Supp. 1334, 1349 (N.D. Iowa 1996) (first-filed rule cannot "'trump' an analysis pursuant to § 1404(a)"), <u>aff'd on other grounds</u>, 119 F.3d 688 (8th Cir. 1997).

Howerton.  (See Doc. No. 56 at 15-16.)  Transferring this action to Hawaii would, therefore, further the interests of justice, undermine the appearance of forum shopping, and prevent counsel from being rewarded for these questionable tactics.

In summary, the Court concludes the first-filed rule – and the interests of justice – compel the transfer of this action to the District of Hawaii.  Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that this action is **TRANSFERRED** to the United States District Court for the District of Hawaii.  The Clerk of the Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.

Date:  May 2, 2014                                  s/ Richard H. Kyle_____
                                                                  RICHARD H. KYLE
                                                                  United States District Judge